UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RONALD L. WILLINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-01454-TWP-MJD |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant Carolyn W. Colvin's, the Commissioner of

Social Security Administration ("the Commissioner"), Motion to Dismiss pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons explained in this Entry, the

Commissioner's Motion to Dismiss (Dkt. 11) is **GRANTED**.

## I.   BACKGROUND

Plaintiff Ronald L. Willingham ("Mr. Willingham") seeks judicial review and entry of

judgment for relief, including costs and attorney fees, of the Commissioner's denial of his

application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB")

under the Social Security Act, 42 U.S.C. §301, *et seq*. ("the Act").

Mr. Willingham applied for SSI and DIB, and his application was denied initially on

December 7, 2006, and upon reconsideration on May 7, 2007 by Administrative Law Judge

Priscilla M. Rae ("the ALJ").  Mr. Willingham filed a written request for a hearing on May 21,

2007 and hearing was held via video on February 19, 2009.  The ALJ denied Mr. Willingham's

application on March 16, 2009, and on March 24, 2009 Mr. Willingham requested a review from

the Appeals Council.  The Appeals Council denied Mr. Willingham's request for review in a

Notice of Appeals Council Action dated November 18, 2009.  Mr. Willingham concedes the Appeals Council affirmed the ALJ's denial decision in 2009, but claims the Appeals Council did not transmit the decision to him or his attorney, Patrick Mulvany ("Mr. Mulvany"), until August 30, 2012.  (Dkt. 1 at 2.)  Mr. Willingham filed a complaint with this Court to review the agency's decision on October 9, 2012.  The Commissioner filed a Motion to Dismiss with this Court on December 27, 2012, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.   LEGAL STANDARD

When reviewing a 12(b)(6) motion, the Court must review all well-pleaded allegations in the complaint as true and draw all inferences in favor of the plaintiff.  *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted).  The complaint must state enough "to claim a relief that is plausible on its face."  *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted).

## III.   DISCUSSION

The Social Security Act establishes a remedial structure for persons alleging disability and entitlement to benefits.  A plaintiff must receive a final decision from the Commissioner before seeking judicial review of his claim under 42 U.S.C. § 405.  In order for a Court to determine the claim is consistent with Congress' intent in enacting 42 U.S.C. § 405(g), the claimant must file within sixty days after a mailing of a notice or express clear intention to extend the time period for review.  *Bowen v. City of New York*, 476 U.S. 467, 480 (1986).  "The date of receipt of notice of denial of request for review . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.210(c).

The Commissioner asserts Mr. Willingham's civil action is barred by the sixty day limitation specified in § 205(g) of the Social Security Act because Mr. Willingham was required to file a civil action on or before January 22, 2010[1] for judicial review of the denial by the Appeals Council.  Further, Mr. Willingham failed to request additional time from the Appeals Council to file his claim.  The Commissioner also points to § 205(h) of the Social Security Act, 42 U.S.C. § 405(h), which states that

> [n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any . . . government agency except as provided herein.  No action against . . . the Commissioner of Social Security . . . under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this title.

The final decision of the Commissioner was issued in this case on November 18, 2009 when the Appeals Council denied Mr. Willingham's request for review of the decision of the ALJ.  Along with its motion, the Commissioner provided a declaration stating that on November 18, 2009, the Appeals Council mailed notice to Mr. Willingham directly and a copy of the notice to Mr. Willingham's counsel.  Dkt. 11-1 at 3.  As stated in the notice, Mr. Willingham is presumed to have received the notice five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council.  *See* 20 C.F.R. § 422.210(c).  Therefore, Mr. Willingham was required to file a civil action on or before January 22, 2010, unless he can rebut the presumption.

Mr. Willingham has failed to reasonably show that he received the Appeals Council Notice more than five days after the Appeals Council issued its final decision on November 18, 2009.  Importantly, Mr. Mulvany was the attorney who requested review of the ALJ's denial decision of Mr. Willingham's in March 2009.  Mr. Mulvany claims that he did not receive the final decision notice until after he contacted the Appeals Council on August 28, 2012.  However,

---

[1] Sixty-five calendar days after November 18, 2009 was January 22, 2010, which fell on a Friday.

3

a mere statement, without more, is generally insufficient to rebut the presumption.  *See Nielson v. Astrue*, No. 10 C 4647, 2011 WL 2214622, *1 (N.D. Ill. June 6, 2011).  Moreover, "[i]t is counsel's duty to monitor the progress of his client's claim.  The inadvertence or misconduct of counsel does not give the Court the power to extend the filing deadline."  *Kitts v. Sullivan*, No. IP-88-892-C, 1990 WL 164735, *2 (S.D. Ind. May 30, 1990); *see United States v. Hill*, 826 F.2d 507, 508 (7th Cir. 1987).  Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests."  *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000).  Here, counsel and Mr. Willingham waited over three years from the date of the request for review and mailing of the notice, to inquire of the Appeals Council regarding the status of Mr. Willingham's case.  Mr. Willingham missed the deadline for filing a complaint by over 33 months.  The excessive delay in making inquiry regarding the status of the decision was not reasonable and the circumstances in this case do not warrant equitable tolling of the statute of limitations.  Mr. Willingham's attorney was responsible for keeping track of his client's case in order to timely file a claim and Mr. Willingham has not made a reasonable showing to rebut the presumption.

## IV.   CONCLUSION

The sixty day limitation constitutes a condition on the waiver of sovereign immunity and must be strictly construed.  *Bowen*, 476 U.S. at 479.  Mr. Willingham's complaint for judicial review was not filed within the sixty day time frame.  42 U.S.C. § 405(g).  Accordingly, the Commissioner's Motion to Dismiss (Dkt. 11) is **GRANTED**.

**SO ORDERED.**

Date: 07/02/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
OFFICE OF THE UNITED STATES ATTORNEY
tom.kieper@usdoj.gov